**JULIE R. WALKER (8830)**
Attorney for Debtors
PO Box 1161
Riverton UT 84065
(801) 302-1665
Fax: (801) 905-9400

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| In re BRIAN MCLANE and<br>STEPHANIE MCLANE, | Bankruptcy Case No. 09-29372<br>Chapter 13 |

**Chapter 13 Plan**
and Motions to Value Collateral
and To Avoid Liens Under 11 USC § 506

# YOUR RIGHTS WILL BE AFFECTED.

## You should read these papers carefully and discuss them with your attorney.

If you disagree with any provision of this plan or any motion made below, you must file with the bankruptcy court a timely written objection. Unless a written objection is filed before the deadline stated in the *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines*, the court may grant the motion(s) and confirm the plan without further notice or hearing.

**VALUATION OF SECURED CLAIMS AND DETERMINATION OF INTEREST RATE.**
With respect to secured claims listed in paragraphs 3A and 3B, the value of such creditor's collateral shall be that set forth in the Value column of paragraph 3A and the Proposed Secured Claim Amount in paragraph 3B, unless an objection to confirmation of this plan is timely filed and the Court orders otherwise. The filing of a proof of claim asserting a different value will not be deemed to constitute an objection. If the column for Value or Proposed Secured Claim Amount is left blank, the allowed secured claim amount shall be determined using the applicable provisions of the Bankruptcy Code and Bankruptcy Rules (hereinafter the "Claim Allowance Process"). The interest rate to be paid on any secured claim shall be that set forth in the plan unless an objection is timely filed and the Court orders otherwise.

**ALLOWANCE OF OTHER CLAIMS.** The amount of all other allowed claims to be paid through the plan shall be determined pursuant to the Claim Allowance Process, unless a timely objection to the plan is filed and the Court orders otherwise. However, creditors must timely file a proof of claim before the Trustee will disburse on any allowed claim under the confirmed plan.

1. **PAYMENT AND LENGTH OF PLAN**.

A.  Debtor(s) shall pay $175 per month to the Chapter 13 trustee starting on the first date set for the meeting of creditors held pursuant to 11 USC § 341 and continuing thereafter on the 25th day of each following month for approximately 55 months.

B.  Other payments to Trustee: none.

C.  Applicable length:  Not less than 36 months to be extended as necessary to pay required distributions under paragraphs 2-7 below.

**2.  TRUSTEES PERCENTAGE FEE.**  Prior to or at the time of disbursements under this plan, the trustee may collect the percentage fee allowed under 28 USC § 586(e).

**3.  SECURED CLAIMS PAID BY THE TRUSTEE:**

**A.  MOTIONS TO VALUE COLLATERAL AND TO VOID LIENS UNDER 11 USC § 506.**
Debtor moves the Court to value the collateral of creditors as indicated below. The Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The portion of any allowed claim that exceeds the value indicated shall be treated as an unsecured claim. Debtor moves to void the lien of any creditor listed below as having collateral with "NO VALUE." "Payment" is the amount to be paid to the creditor monthly after the plan is confirmed and allowed debtor counsel attorney fees have been paid in full. Until such allowed attorney fees are paid in full, each creditor shall be paid adequate protection as provided in paragraph 3C below.

| CREDITOR | COLLATERAL | SCHEDULED DEBT | VALUE | AD. PROT. | INT. RATE | PAYMENT |
|---|---|---|---|---|---|---|
| Citibank | 2001 Toyota Corolla | | $6,000.00 | $60.00 | 2.00% | $135.00 |

**B. SECURED CLAIMS NOT SUBJECT TO 11 USC § 506.**  Pursuant to 11 USC § 1325(a), the claims listed below are not subject to 11 USC § 506 and shall be paid in the amount of the Proposed Secured Claim Amount or Estimated Claim Amount specified below, whichever is lower, in accordance with the terms set forth below.  "Payment" is the amount to be paid to the creditor monthly after the plan is confirmed and allowed debtor counsel attorney fees have been paid in full. Until such allowed attorney fees are paid in full, each creditor shall be paid adequate protection as provided in paragraph 3C below.

| CREDITOR | COLLATERAL | PROPOSED SECURED CLAIM AMOUNT | ESTIMATED CLAIM AMOUNT | AD. PROT. | INT. RATE | PAYMENT |
|---|---|---|---|---|---|---|
| none | | | | | | |

If the above column for the proposed secured claim amount is left blank, the secured claim amount to be paid shall be the entire amount of the allowed secured claim. The portion of any allowed claim that exceeds the secured claim amount specified above shall be treated as an unsecured claim. **The debtor proposes that the affected creditors accept the treatment specified above.  FAILURE OF A CREDITOR TO TIMELY FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF BOTH THE PLAN AND THE TREATMENT OF ITS CLAIM AS SET FORTH HEREIN**.

**C. ADEQUATE PROTECTION**.  Pursuant to Standing Order Number 2 and Amended LBR 2083-1(b), the Trustee is authorized to commence making adequate protection payments before confirmation of the plan. As stated above, such payments shall be in the monthly amount of 1% of the "Value" stated in paragraph 3A above or the "Proposed Secured Claim Amount" or the "Estimated Claim Amount" (whichever is lower) stated in paragraph 3B above to any creditor listed above who has filed a proof of claim. The Trustee is permitted to collect a percentage fee on such funds. If such funds are not disbursed prior to the dismissal or conversion of the case, the trustee may disburse such adequate protection payments following dismissal or conversion. If the plan provides that the debtor shall make payments directly to a secured creditor, the debtor shall make the adequate protection payments on

such claim as provided in 11 USC § 1326(a)(C). Unless otherwise provided in the plan, any pre-confirmation lease payments shall be made directly by the debtor and not by the trustee. Adequate protection payments shall continue post-confirmation until allowed debtor counsel attorney fees are paid in full, at which time the monthly Payment amount specified in paragraph 3A or 3B shall commence (in the 15th month of the plan).

**D. ADMINISTRATIVE PROVISIONS REGARDING SECURED CLAIMS**. Notwithstanding any contrary interest rate stated in the proof of claim, the Trustee shall pay interest on such claims at the rate specified above. If no interest rate is so specified, the interest rate shall be 7.00%. The Trustee shall pay interest from the effective date of the confirmation order, and, unless otherwise specified in paragraph 10D below, no interest will accrue from the petition date to the confirmation date. To the extent there are not sufficient funds available after the payment of amounts entitled to payment under a higher order of distribution to make the full monthly payments set forth in this plan, then the Trustee shall make a pro-rata distribution, based on the monthly payment amounts, of available funds on all claims specified in paragraphs 3A, 3B and any regular monthly payment made under paragraph 7A, and such distribution shall not constitute a violation of the provisions of 11 USC § 1325(a)(5)(B)(iii)(I).

**4. DEBTOR COUNSEL ATTORNEY FEES**. Subject to any further fee applications, the plan requests allowance of attorney fees of debtor's counsel for services provided through confirmation of the plan and related to the review of filed proofs of claim in the amount of $2750, of which $2450 remains unpaid. Such allowed fees shall be paid by the Trustee as specified in paragraph 10C below.

**5. PRIORITY CLAIMS**. Subject to the provision for the payment of debtor attorney fees set forth above, allowed claims entitled to priority under 11 USC § 507(a), including allowed administrative expense claims and domestic support obligations, will be paid in full in the order of priority set forth in section 507(a), unless otherwise specified in paragraphs 10C or 10D below. The estimated total amount of such priority claims is $0.

**6. NON-PRIORITY UNSECURED CLAIMS**.

A. Not Separately Classified. Allowed non-priority unsecured claims shall be paid not less than $0 to be distributed pro rata. This is not less than the amount that would be paid on such claims if the estate of the debtor were liquidated under Chapter 7 of Title 11, United State Code, on the effective date of the plan (the effective date of the confirmation order).

B. Separately classified unsecured claims:

| **CREDITOR** | **BASIS FOR CLASSIFICATION** | **TREATMENT** | **AMOUNT** |
|---|---|---|---|
| none | | | |

**7. CURING DEFAULT AND MAINTAINING PAYMENTS**.

A. The Trustee shall pay allowed claims for arrearages, and the *Trustee* shall pay regular postpetition monthly payments to these creditors:

| **CREDITOR** | **COLLATERAL OR TYPE OF DEBT** | **ESTIMATED ARREARAGE** | **INT. RATE ON ARREARAGE** | **MONTHLY ARREARAGE PAYMENT** | **REGULAR MONTHLY PAYMENT** |
|---|---|---|---|---|---|
| none | | | | | |

B. The Trustee shall pay allowed claims for arrearages, and the *debtor* shall pay regular postpetition monthly payments to these creditors:

| **CREDITOR** | **COLLATERAL OR TYPE OF DEBT** | **ESTIMATED ARREARAGE** | **INT. RATE ON ARREARAGE** | **MONTHLY ARREARAGE PAYMENT** | **REGULAR MONTHLY PAYMENT** |
|---|---|---|---|---|---|
| US bank | home | $0.00 | | | |

| | | |
|---|---|---|
| Us Bank (2ⁿᵈ) | home | $0.00 |

**8. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**
All executory contracts and unexpired leases are rejected, except the following are assumed:

| **CREDITOR** | **PROPERTY DESCRIPTION** | **TREATMENT BY DEBTOR** |
|---|---|---|
| none | | |

**9. COLLATERAL SURRENDERED AND RELIEF FROM THE AUTOMATIC STAY.**
The debtor surrenders the following collateral to the secured creditor. Upon entry of the confirmation order, the automatic stay is lifted as to the collateral, which will, among other rights, permit the secured creditor to exercise its set off rights with respect to the surrendered collateral.

| **CREDITOR** | **COLLATERAL TO BE SURRENDERED** |
|---|---|
| none | |

The Trustee shall make no distribution on any secured claim related to the surrendered collateral. The allowed amount of any unsecured deficiency claim will be any unsecured amount stated in the claim or any amendment thereto, provided, however, if a creditor fails to file any required amended claim for an unsecured deficiency within 180 days after the petition date, the claim will be deemed paid in full, and the Trustee will not make any distributions to such creditor. Any allowed unsecured deficiency claim will be paid pursuant to paragraph 6 of this plan.

**10. OTHER PLAN PROVISIONS AND MOTIONS:**

**A. Lien retention.** Allowed secured claim holders retain liens until the earlier of the payment of the underlying debt determined under applicable nonbankruptcy law or the entry of discharge under 11 USC §1328.
**B. Payment Notices.** Creditors and lessors provided for above in sections 7 or 8 may continue and are directed to mail customary notices or coupons to the debtor or Trustee notwithstanding the automatic stay.
**C. Order of distribution.** If no monthly payment is specified, payments will be paid pro rata within the designated distribution level and payments to claims in a particular distribution level will be paid in full before distribution to claims in a lower distribution level. If monthly payments are specified, such monthly payments must be current, but such claim need not be paid in full, before distribution to a Class specified in a lower distribution level. The trustee shall pay allowed claims in the order set forth below:
(1) Trustee's percentage fee under paragraph 2; (2) Secured Creditor payments specified in Paragraph 3 and any regular post-petition monthly payments required to be made by the Trustee under paragraph 7A; (3) Attorney fees under Paragraph 4; (4) Claims entitled to priority under 11 USC §507(a)(1); (5) Arrearage payments under paragraph 7; (6) Remaining priority claims specified under paragraph 5; (7) Non-priority unsecured claims specified under paragraph 6; (8) Other distributions required by the plan.
**D. Other plan provisions:**
**(1) Any order confirming this plan shall constitute a binding determination that the debtor has timely filed all of the information required under 11 USC § 521(a)(1).**
**(2) Any allowed secured claim filed by a taxing authority not otherwise provided for by this plan shall be paid in full at the same distribution level as arrearage claims provided for under paragraph 7, with interest at the rate of set forth in the proof of claim or at 4.00% per annum if no interest rate is specified in the proof of claim. Interest will run from [x ] (a) the petition filing date; or [ ] (b) the confirmation date.**
**(3) Unless otherwise ordered by the Court, property of the estate shall not revest in the debtor until such time as a discharge is granted or the case is dismissed. Property of the estate includes all of the property specified in 11 USC Section 541 and all property of the**

**kind specified in such section acquired by the debtor after commencement of the case but before the case is closed, dismissed or converted to one under another chapter of the Code.**
**(4) Other payments to Trustee: In addition to the monthly payments, unless otherwise ordered by the Court, the debtor(s) shall pay into the plan all tax refunds in excess of $1,000 per year to which the debtor(s) become(s) entitled or actually receive(s) during the term of the plan.**
**(5) The claim of US Bank for the purchase of a 2008 Honda shall be paid direct.**


DATED September 19, 2009.

                                                                            */s/ Julie R. Walker*
                                                                            Julie R. Walker, Attorney for Debtor(s)